41028. ELLIOTT et al. v. FIREMEN'S INSURANCE COMPANY et al.

41033. ST. PAUL FIRE & MARINE INSURANCE COMPANY v. FIREMEN'S INSURANCE COMPANY et al.

PANNELL, Judge. ■ Where a person is transported to her home in an ambulance on a stretcher, which stretcher is part of the ambulance equipment, and upon arrival removed upon said stretcher from the ambulance, and the stretcher, with such person upon it, is then placed on the floor of the porch of the home and rolled into such person's livingroom, and, while

being lifted from the stretcher by the ambulance attendants to be placed in a chair because she was physically unable to move from the stretcher to the chair, such person suffers an injury for which the ambulance owner would be legally liable, such injury is one occurring while the ambulance is being unloaded within the meaning of two policies of insurance insuring the owner of the ambulance by agreeing to pay the owner, or in his behalf, all sums which the owner shall become legally obligated to pay as damages because of bodily injury sustained by any person, one of which policies covers bodily injuries "sustained by any person, or persons and arising out of the ownership, maintenance or use of any automobile," and provides that the "use of an automobile includes the loading and unloading thereof," and the other policy covers bodily injuries generally, but provides that it "does not apply: . . . to the ownership, maintenance, operation, use, loading or unloading of . . . automobiles if the accident occurs away from such premises or the ways immediately adjoining [referring to the premises of the insured]." While Georgia has followed the rule that the unloading is over when the items unloaded shall "come to rest," *American Cas. Co. v. Fisher*, 195 Ga. 136 (23 SE2d 395, 144 ALR 533), reversing *Fisher v. American Cas. Co.*, 67 Ga. App. 784 (21 SE2d 306), the item being unloaded here, the injured person, did not come to rest until placed in the chair in her livingroom. Until that time, she was in the process of being unloaded from the ambulance by use of the ambulance equipment specifically provided for loading and unloading the ambulance. The case here is thus distinguishable from *American Cas. Co. v. Fisher,* supra, where a typewriter was unloaded by hand from an automobile and placed upon a desk in the office where it was to be delivered prior to being installed in a typewriter desk, and where the negligence occurred after the typewriter had come to rest on the desk. For cases generally on the subject, see, 160 ALR 1259; 12 Couch on Insurance 192, §§ 45:123; 45:127; 7 Am. Jur. 2d 392, §§ 87-90.

It follows that the trial court, in the present declaratory judgment action, did not err in holding that the insurance company issuing the first policy above mentioned was obligated to defend the damage suit brought by the injured party against the owners of the ambulance, and that the insurance company issuing the second policy above mentioned was un-

der no obligation to defend such an action brought by the injured person.

*Judgments affirmed. Felton, C. J., and Frankum, J., concur.*

DECIDED JANUARY 25, 1965.

*Franklin H. Pierce,* for Elliott.

*Hull, Willingham, Towill & Norman, A. Rowland Dye,* for St. Paul &c. Ins. Co.

*Fulcher, Fulcher, Hagler & Harper, Gould B. Hagler, Bell & Bell,* for Firemen's Ins. Co.